[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, age 38 at the time of sentencing was convicted after a trial by jury of Sale of Narcotics (2 Counts) in violation of Connecticut General Statutes Section 21a-277(a), and Possession of Narcotics with Intent to Sell as a subsequent offender in violation of Connecticut General Statutes Section 21a-277(a).
The maximum penalty for each of the two Counts of Sale is 15 years and the maximum penalty for the subsequent offender Possession with Intent to Sell Count is 30 years.
The petitioner was sentenced to 7 years on each sale Count and 30 years on the possession with intent to sell. All sentences were consecutive to each other and consecutive to a sentence he was presently serving making the total effective sentence 44 years consecutive to his present sentence.
The factual bases for these convictions is summarized as follows:
On November 1, 1990, at approximately 11:45 a.m., police were conducting a narcotics surveillance in Father Panik Village in Bridgeport. The petitioner was observed to be the seller in what appeared to be a drug sale. Approximately 12:25 p.m. on the same day the police observed a second similar transaction. The buyer was later arrested and was CT Page 277 found to be in possession of at least one vial of cocaine.
Later at 3:20 p.m. on said date, the police observed the petitioner give money to another person and get a package in return. At that point he was arrested and found to have 31 vials of cocaine on his person.
The petitioner has a serious substance abuse history dating to age 15. Several community rehabilitation efforts were tried but none had any lasting success. His employment was intermittent but he did work for about two years as a custodian in the Bridgeport school system (1987-1988), and for about 6 months in 1989 for Perkin Elmer of Norwalk.
In 1989 he was convicted of sale of narcotics and sentenced to a term of 8 years, suspended after 4 years with probation for 3 years. At the time of his arrest on the instant charges he was out of prison on Supervised Home Release. He has one drug conviction prior to 1989 — possession of controlled drug in 1975 for which he received a suspended sentence — although he does have two burglary convictions in 1970 and 1971.
The Division agrees that rehabilitation in this case does not appear promising and that a lengthy period of incarceration is warranted, however, it is the opinion of the Division that under all of the circumstances of this case which include the nature of the offenses (which while indeed serious and exacerbated by the fact that they occurred while the petitioner was serving a sentence for a like crime), which are not violent, per se, the character of the petitioner, (which has some positive aspects along with the less desirable characteristics he possesses), the need for public protection, and the deterrent, rehabilitative, isolative and denunciatory purposes for which a sentence is intended, that the sentence imposed was disproportionate and should be modified (See Practice Book Section 942), and it is ordered, therefore, that this case be remanded to the Superior Court for the Judicial District of Fairfield, to be modified as follows:
The sentences imposed on each of the 3 Counts shall run concurrently with each other, but consecutively to any sentence the petitioner is serving or which was previously imposed and has not yet been served, for a total effective CT Page 278 sentence of 30 years, consecutive to any sentence the petitioner is serving or which was previously imposed and has not yet been served.
KLACZAK, J. PURTILL, J. NORKO, J.
Purtill, Klaczak and Norko, J.s, participated in this decision.